**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| JESSICA CHARTERS, <br><br> Plaintiff, <br><br> v. <br><br> SANDY SPRING BANK and <br> ATLANTIC UNION BANK, <br><br> Defendants. | Civil Action No. 25-3914-TDC |

**MEMORANDUM ORDER**

Plaintiff Jessica Charters has filed this civil action against Defendants Sandy Spring Bank and Atlantic Union Bank in which she asserts federal and state law claims arising out of the termination of her employment with Sandy Spring Bank. According to the presently operative Amended Complaint, on February 14, 2024, Charters was terminated without warning after approximately 10 years of service and without having committed an offense that warranted immediate termination, such that she was terminated in a manner inconsistent with the progressive discipline policy set forth in Sandy Spring Bank's employee handbook ("the Employee Handbook").

On April 1, 2025, Atlantic Union Bank acquired Sandy Spring Bank and is its successor in interest, so Atlantic Union Bank will be treated as the sole defendant in this case. On October 16, 2025, Charters filed her original Complaint in the Circuit Court for Montgomery County, Maryland. After Atlantic Union Bank removed the case to this Court, Charters filed the Amended Complaint, which includes the following claims in the following numbered counts: (1) a claim for breach of contract, based on Sandy Spring Bank's failure to follow the progressive discipline

policy set forth in the Employee Handbook before her termination; (2) a second breach of contract claim, based on an alleged violation of certain Restricted Stock Unit ("RSU") Award Agreements; (3) a violation of the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3–501 to 3–509 (LexisNexis 2025); and (4) a violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601–2654.  She seeks $670,229 in damages for lost wages and benefits.

Atlantic Union Bank has filed a Motion to Dismiss Count 1 of the Amended Complaint, which is fully briefed.  Upon review of the submitted materials, the Court finds that no hearing is necessary.  *See* D. Md. Local R. 105.6.  For the reasons set forth below, the Motion will be GRANTED.

## DISCUSSION

In its Motion, Atlantic Union Bank seeks dismissal of Count 1 pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Legal conclusions or conclusory statements do not suffice.  *Id.*  A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff.  *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Typically, when deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any attached documents.  *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).  Courts are permitted, however, to consider documents

attached to a motion to dismiss "when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). With its Motion, Atlantic Union Bank has submitted excerpts of the 2018, 2021, and 2023 versions of the Employee Handbook, as well as Charters's electronic acknowledgments of receipt of the 2021 and 2023 versions of the Employee Handbook. Charters has provided additional excerpts from the Employee Handbook. Where the Employee Handbook is specifically referenced in and thus integral to the Amended Complaint, and the parties do not challenge the authenticity of the submitted parts of the Employee Handbook, the Court may consider them in ruling on the Motion.

Atlantic Union Bank seeks dismissal of Count 1 on the grounds that the Employee Handbook generally was not a contract between the employer and its employees and specifically did not impose upon it a contractual obligation to follow the progressive discipline policy when terminating Charters. To prevail on a breach of contract claim, a plaintiff must demonstrate "the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the defendant." *RRC Northeast, LLC v. BAA Md., Inc.*, 994 A.2d 430, 442 (Md. 2010). Under Maryland law, "an employment contract of indefinite duration, that is, at will, can be legally terminated at the pleasure of either party at any time." *Adler v. Am. Standard Corp.*, 432 A.2d 464, 467 (Md. 1981). Thus, an at-will employee may be terminated for any reason or no reason at all, "with few exceptions." *Castiglione v. Johns Hopkins Hosp.*, 517 A.2d 786, 792 (Md. Ct. Spec. App. 1986). In the only exception relevant here, a provision of a personnel policy statement that limits an employer's discretion to terminate employment, including by setting forth a required procedure for termination, can constitute an enforceable contractual obligation so long

as the employee may justifiably rely on the provision. *Id.* at 792–93 (citing *Staggs v. Blue Cross of Md., Inc.*, 486 A.2d 798, 803–04 (Md. Ct. Spec. App. 1985)).

Here, Charters has not alleged facts demonstrating that she could justifiably rely on the progressive discipline policy in the Employee Handbook as a mandatory, contractual provision. In general, an employee cannot justifiably rely on a policy in an employee handbook, and thus cannot seek to enforce it as a contractual obligation, if the policy is accompanied by a clear and conspicuous disclaimer of contractual intent. *See, e.g., id.* at 788, 793–94 (rejecting a breach of contract claim based on an employee handbook which stated that "this handbook does not constitute an express or implied contract," and holding that an employee cannot have justifiably relied on an employee manual or handbook provisions "precluding job termination except for cause" if the employer's "contractual intent has been expressly disclaimed"); *Haselrig v. Pub. Storage, Inc.*, 585 A.2d 294, 300 (Md. Ct. Spec. App. 1991) (stating that "the justifiability of an employee's reliance on a handbook" depends in part on the "clarity with which a provision in the employee handbook disclaims contractual intent").

In this instance, the Employee Handbook expressly and conspicuously disclaimed any contractual intent by Sandy Spring Bank. On the first page after the cover, the 2023 version of the Employee Handbook stated in bold, capitalized, and underlined text:

> **NEITHER THIS HANDBOOK NOR ANY OTHER COMPANY GUIDELINES, POLICIES, OR PRACTICES CREATES AN EMPLOYMENT CONTRACT, BARGAIN, OR AGREEMENT OR CONFERS ANY CONTRACTUAL RIGHTS WHATSOEVER. EMPLOYMENT WITH THE COMPANY IS AT-WILL, AND EITHER THE EMPLOYEE OR THE COMPANY MAY TERMINATE EMPLOYMENT AT ANY TIME, WITH OR WITHOUT CAUSE, REASON OR NOTICE.**

2023 Employee Handbook at 1, Mot. Dismiss Ex. D, ECF No. 28-2. Relatedly, Charters acknowledged her receipt of this Employee Handbook on April 11, 2023 by electronically agreeing

4

to bold text stating that "neither this Handbook nor any other communication . . . is intended in any way to create a contract of employment." 2023 Employee Handbook Acknowledgment at 1, Mot. Dismiss Ex. E, ECF No. 28-2. The clear and unequivocal language of Sandy Spring Bank's disclaimer of contractual intent, as well as the disclaimer's prominent placement at the beginning of the Employee Handbook and in the employee acknowledgment form, precludes any justifiable reliance on the policies set forth in the Employee Handbook, including the progressive discipline policy. The Employee Handbook therefore did not create a contractual obligation to follow the progressive discipline policy, and Sandy Spring Bank's alleged failure to do so cannot constitute a breach of contract. *See, e.g., Castiglione*, 517 A.2d at 792–94.

In her brief, Charters points to an unpublished case, *Tucker v. Johns Hopkins University*, No. 1150 Sept. Term 2015, 2017 WL 1316060 (Md. Ct. Spec. App. Apr. 10, 2017), in which the court did not rule out justifiable reliance on an employment policy on termination procedures despite an express disclaimer of contractual intent, where the policy was highly detailed and was located on the employer's website in two places without a disclaimer. *Id.* at *7–9. Here, in contrast, Charters does not allege that the progressive discipline policy was accessible to employees outside of the Employee Handbook without a disclaimer or otherwise allege facts that could demonstrate Sandy Spring Bank's contractual intent despite the clear and conspicuous disclaimer. Further, a review of the parts of the Employee Handbook discussing the progressive discipline policy reveals that the language used is frequently non-mandatory in nature, including, for example, in provisions stating that a "supervisor may document the situation in a written warning," and that the "employee may receive a final notice," which distinguishes it from the highly specific, mandatory language used in *Tucker*. Employee Handbook at 87–88, Opp'n Ex. A, ECF No. 39-1. Accordingly, *Tucker* does not provide a persuasive basis to deny the Motion.

Finally, Charters argues that the Motion should be denied because the Employee Handbook's disciplinary provisions are relevant to Count 2 of the Amended Complaint, in which she alleges a separate breach of contract claim based on the required forfeiture of certain stock options upon her termination, which she alleges constituted a violation of the separate RSU Award Agreements. In granting the Motion as to Count 1 and dismissing the specific claim of a breach of contract based on the Employee Handbook, the Court does not conclude that the Employee Handbook is not relevant to any of the remaining counts, or that in addressing those remaining counts there can be no discovery sought or arguments made relating to the Employee Handbook and whether there was compliance with its terms. Accordingly, the Court finds that Charters has failed to state a plausible claim for relief in Count 1, and the Motion to Dismiss will be granted.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that:

1. The Motion to Dismiss Count 1, ECF No. 28, is GRANTED.

2. Count 1 of the Amended Complaint, ECF No. 24, is DISMISSED.

Date: June 30, 2026

THEODORE D. CHUANG
United States District Judge